**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 29, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ROELL NELSON CARTER,

      Defendant-Appellant.

No. 04-5179
(D.C. No. 04-CR-70-C)
(Northern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **EBEL,** Circuit Judge, **McWILLIAMS**, Senior Circuit Judge**, KELLY**, Circuit Judge.

At about 10:00 p.m. on March 25, 2004, Jeffery Gatwood, a Tulsa, Oklahoma, Police Detective and Brandon McFaddon, an agent with the Bureau of Alcohol, Tobacco and Firearms, were surveilling a residence in Tulsa where a search warrant had been executed about two weeks earlier. At the time of that search, the officers had found drugs and a handgun holster. Even prior to that search, the Tulsa police had already considered the house to be a "drug house" and also considered the general area in which the searched house was located to be a "high crime" area.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On that occasion, i.e., March 25, 2004, at 10:00 p.m., while sitting in a marked police car parked about a block away from the suspect house, the two officers espied, and thereafter watched, a car which was parked parallel to the curb and directly in front of the suspect house. They noticed that on two or three occasions a female passenger sitting in the backseat of the car had exited the vehicle, approached the front door of the suspect house, remained for less than a minute and then returned to the vehicle. The officers were unable to see whether the passenger made contact with anyone in the house, or whether the door to the house was opened. The porch light was not on.

The officers then drove their marked police car to within eight to ten feet behind the "suspect" vehicle and activated their vehicle's "take-down" lights. The officers thereafter approached the suspect vehicle and saw a passenger in the backseat and two others seated in the front seat. When the officers opened the back door, they detected a strong odor of alcohol. About this time a third officer arrived and he interrogated the driver of the vehicle, the defendant, who reportedly showed signs of intoxication and was ordered out of the car. The defendant was at that point arrested for public intoxication. During a "pat-down" search of the defendant a plastic bag fell to the ground from defendant's pant leg, which bag contained numerous chunks of what appeared to be crack cocaine. The foregoing "seizure" and arrest occurred within 1,000 feet of a school.

Based on this sequence of events, the defendant, Roell Nelson Carter, was charged by indictment with possessing five grams or more of cocaine base (crack) within 1,000

feet of a school with an intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) and 860(a).  Based on the Fourth Amendment, the defendant filed a motion to suppress evidence concerning the events leading up to his arrest.  After an evidentiary hearing, the district court denied that motion.  A jury trial ensued.  At the conclusion of the government's evidence, the defendant moved for a judgment of acquittal under Fed.R.Crim.P. 29, contending that the government had not presented sufficient evidence to show an "intent to distribute" or that the events occurred "within 1000 feet of a school."  The district court denied defendant's motion.  Thereafter, the defendant rested his case without calling any witnesses.  The jury later returned a verdict finding the defendant guilty of the crime charged.  On October 14, 2004, he was sentenced to imprisonment for ten years, to be followed by 16 years of supervised release and a $3,000.00 fine.  Defendant appeals.

On appeal, the defendant does not challenge the sufficiency of the evidence to support his conviction of the crime charged in the indictment, i.e., possessing more than five grams of crack cocaine with an intent to distribute the cocaine within 1000 feet of a school.  He does challenge on appeal, as he did in the district court, the reasonableness of his seizure, certain of the instructions given the jury, and that part of his sentence wherein he was ordered to 16 years of supervised release after his release from imprisonment.

I.  Unreasonable Seizure

On appeal, the defendant first argues that his Fourth Amendment right to be free

from unreasonable seizure was violated when the district court denied his motion to suppress. Both parties agree that officers of the Tulsa Police Department "seized" the defendant when they turned on their "take down" lights. The defendant argues that at the point in time when the "take down" lights were turned on, the officers did not have "reason" to turn on their "take down" lights and, in so doing, "seize" the defendant. The government's position is that at that particular time the officers did have "reason" to turn on their "take down" lights and, in so doing, "seize" the defendant.

At the suppression hearing, Detective Gatwood, who turned on the "take down" lights, testified that he was familiar with the "suspect house" where the defendant had parked his vehicle, having helped execute a search warrant on that house some two weeks earlier. A holster for a hand gun and approximately two and a half grams of crack cocaine were recovered during a search of the house on that occasion. He also testified at the suppression hearing that the "suspect house" had for some time been associated with drugs. Detective Gatwood had "worked" that particular residential area for several years and had arrested people coming from the residence with narcotics on their persons. On one particular occasion, according to Detective Gatwood, he had sent a confidential informant into the "suspect house," who had returned therefrom with drugs. He also stated that he had conducted surveillance on the residence approximately 25 - 30 times since 1995. Finally, he testified that the "suspect" house was in a "high crime" neighborhood where drug sales, prostitution, and violent crimes were prone to occur, he,

himself, having arrested 50-100 people in that general area for possessing crack cocaine.

As indicated, the district court, after hearing, denied appellant's motion to suppress, holding, *inter alia,* that there was sufficient evidence for the officers to make the limited "seizure" for the purpose of further investigation. *Terry v. Ohio*, 392 U.S. 1 (1968). We agree.

In reviewing a district court's denial of a motion to suppress, "factual matters" are reviewed for "clear error," but the determination of whether the seizure itself was reasonable under the Fourth Amendment is reviewed by us *de novo. United States v. Riccardi,* 405 F.3d 852, 859 (10th Cir. 2005)*.* Further, the evidence itself is reviewed by us in a light most favorable to the government and is based on the totality of the circumstances. *Id.* at 860. An investigative stop is justified under the Fourth Amendment if it is supported "by a reasonable suspicion of criminal activity." *United States v. Treto-Haro,* 287 F.3d 1000, 1004 (10th Cir. 2002). "Reasonable suspicion" is made from the perspective of a reasonable law enforcement officer. *United States v. Quintana-Garcia,* 343 F.3d 1266, 1270 (10th Cir. 2003). Without belaboring the point, we agree with the district court that the officers had "reasonable suspicion" of criminal activity when they turned on their "take down" lights as their vehicle pulled up behind the defendant's vehicle which was parked in front of the "suspect" house.

## II.  Instructions

Three forms of verdict were submitted to the jury. Verdict Form No. 1 instructed

the jury to find the defendant either guilty or not guilty of possession of a controlled substance with an intent to distribute. The jury by their verdict found the defendant guilty. That same verdict form then instructed the jury to determine whether the possession with intent to distribute occurred within 1000 feet of a school. The jury answered that question in the affirmative. The jury was also given Verdict Form No. 2 which read as follows: "Only if you find the defendant Not Guilty of the crime of possession of a controlled substance with the intent to distribute, will you proceed to make a determination of the lesser included offense of mere possession." The form then instructed the jury to find the defendant guilty or not guilty on the lesser included offense of possession of a controlled substance. The jury did not answer this question. Verdict Form No. 3 instructed the jury to determine the amount of cocaine base (crack) involved, which the jury, by its verdict, determined was 8.86 grams.

As indicated, the district court instructed the jury that they could only consider the lesser included offense if they unanimously acquitted the defendant of the charged offense. The defendant objected to that instruction on what is sometimes referred to as the "acquit first" rule. In place of that instruction, the defendant submitted an instruction which read in part as follows:

> If you unanimously find the defendant not guilty of the offense charged, or if, <u>after all reasonable efforts, you are unable to agree on a verdict as to that offense</u>, then you must determine whether the defendant is guilty of possession of a controlled drug. (Emphasis added.)

- 6 -

The district court, after an extended hearing, denied the tendered instruction, and on appeal, the defendant argues that his conviction should be reversed and a new trial be ordered. In thus arguing, the defendant cites *United States v. Jackson,* 726 F.2d 1466, 1469 (9th Cir. 1984) and *United States v. Tsanas,* 572 F.2d 340, 346 (2nd Cir. 1978) as well as a proposed pattern jury instruction of the Tenth Circuit, which reads as follows:

> If you unanimously find the defendant not guilty of the offense charged, <u>or if after all reasonable efforts, you are unable to agree on a verdict as to that offense</u>, you must determine whether the defendant is guilty or not of [     ]. (Emphasis added.)

We are not persuaded by the cases from the Second and Ninth Circuits, and our proposed pattern jury instruction was just that, a <u>proposed</u> pattern jury instruction. Further, in connection with pattern jury instructions in general, in *United States v. Ledford,* 2005 U.S. App. LEXIS 24624, we spoke as follows:

> Moreover, a proposed pattern jury instruction is not legal authority. *See United States v. Burke,* 781 F.2d 1234, 1239 n. 2 (7th Cir. 1985) ("<u>Although the pattern instructions are suggestive rather than absolutely binding, a decision of this court is authoritative</u>.") Finally, the Resolution accompanying the Proposed Instructions provides that the inclusion of each instruction "shall not be construed as adjudicative approval of the content of such instruction, which must await case-by-case review by the Court." TENTH CIRCUIT PROPOSED PATTERN CRIMINAL JURY INSTRUCTIONS, *Resolution of the Judicial Council of the Tenth Circuit.* (Emphasis added.)

We do not believe that under the current state of the law of the Tenth Circuit that

the district court committed reversible error in denying the instruction requested by the defendant, and in giving the instruction to the jury that it should not consider the lesser included offense unless it unanimously agreed that the defendant was not guilty of the crime charged in the indictment.

### III.  Supervised Release

The Presentence Report in the present proceeding stated, *inter alia,* that the "court must impose a term of supervised release of at least sixteen years.  21 U.S.C. § § 841(b)(1)(B) and 851(a)(1)." The defendant filed no objections to the presentence report and, at sentencing, the defendant was sentenced to ten years imprisonment to be followed by sixteen years of  supervised release, without objection.   However, on appeal, the defendant argues in his brief, though not at oral argument, that the district court misapplied the applicable statutes and that the maximum term for his supervised release under the applicable statutes was only eight years.  We do not agree. [1]

Prior to trial, the government filed an information pursuant to 21 U.S.C. § 851(a)(1), which notified the defendant that it intended to use a prior felony conviction to enhance any sentence that might later be imposed in the present proceeding.  In that prior proceeding, the defendant in 1996 had been convicted in an Oklahoma state court of possession of marijuana with an intent to distribute, which is a felony under Oklahoma

---

[1] The defendant having made no objection when the court ordered that he be placed on supervised release for sixteen years after serving his ten year prison sentence, we review this matter for "plain error." *United States v. Olano*, 507 U.S. 725, 732 (1993).

law. The defendant did not dispute his prior felony conviction.

As stated, Carter was charged and convicted of possession of a cocaine base (crack) with an intent to distribute within 1000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 860(a).

21 U.S.C. §841(b)(1)(B) provides that in a case involving a violation of §841(a), "any sentence imposed under this subparagraph shall, in the absence of such a prior [felony drug] conviction, include a term of supervised release of at least 4 years in addition to such term of imprisonment and shall, if there was such a prior conviction, include a term of supervised release of at least 8 years in addition to such term of imprisonment."

Under the foregoing statute, the defendant, having been convicted of possessing more than 5 grams of cocaine base with an intent to distribute and having suffered a prior conviction for a felony drug offense in Oklahoma, was subject to a term of supervised release of at least eight years in addition to his term of imprisonment.

The defendant was also convicted of 21 U.S.C. § 860 which reads as follows:

Distribution or manufacturing in or near schools or colleges

(a) Penalty

Any person who violates section 841(a)(1) or section 856 of this title by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university, or

a playground, or housing facility owned by a pubic housing authority, or within 100 feet of a public or private youth center, public swimming pool, or video arcade facility, is (except as provided in subsection (b)) subject to (1) twice the maximum punishment authorized by section 841(b) of this title; and (2) at least twice any term of supervised release authorized by section 841(b) of this title for a first offense. (Emphasis added).

As stated, under 21 U.S.C. § 841(b)(1)(B) where the defendant has a prior conviction for a felony drug offense, which defendant did have in an Oklahoma State Court, the penalty is imprisonment for ten years and at least eight years of supervised release. Under 21 U.S.C. § 860(a), any person convicted of violating § 841(a)(1) within 1000 feet of a school is subject to "twice the maximum punishment authorized by Section 841 of this title; and (2) at least twice any term of supervised release authorized by Section 841(b) of this title for a first offense." Hence, the court sentenced defendant to sixteen years supervised release, which is twice the punishment authorized by 21 U.S.C. § 841(b).

Subsection 2 of 21 U.S.C. § 860(a) is of no help to the defendant. That provision states that if a defendant is convicted of a violation of 21 U.S.C. §841(a) within 1000 feet of a school, but has no prior convictions for violating 21 U.S.C. § 860, his term of supervised release must be "at least" twice the term of supervised release authorized by §841(b). The term of supervised release for a person convicted under 21 U.S.C. §841(b) who has no prior convictions for a felony drug offense is four years. So, such person who is also convicted under 21 U.S.C. § 860 would be subject to a term of supervised release

- 10 -

of "at least" eight years.  However, the defendant in the instant case did have a prior felony drug conviction and under 21 U.S.C. §841(b) was subject to eight years supervised release not four.  Under the described circumstances the district court did not err in sentencing the defendant, in addition to his term of imprisonment, to sixteen years of supervised release.

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge